Carlos Alberto **LIZARDI–BARAJAS,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73534.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

Diana M. Bailey, Law Office of Diana M. Bailey, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Carlos Alberto Lizardi–Barajas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

We reject Lizardi–Barajas's contention that the IJ violated due process by refusing to let his mother testify because Lizardi–Barajas failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lizardi–Barajas's contention that the IJ did not consider all relevant hardship factors is not supported by the record and does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review Lizardi–Barajas's contentions that the IJ was biased, and improperly admitted a police report as evidence, because Lizardi–Barajas failed to raise these issues before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

To the extent Lizardi–Barajas challenges the IJ's discretionary determination that he is not entitled to cancellation of removal, we lack jurisdiction to consider this contention. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.